UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

TROY URIE,

        Defendant.

_____/

NO. 2:03-cr-0534 FCD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Troy Urie's ("Urie" or "defendant") motion to preclude the government from introducing any evidence at a second trial that is inconsistent with the first jury's special verdict that the loss was more than $1,000,000 but not more than $2,500,000. The government opposes the motion. The court heard oral argument on the motion on December 7, 2009. Having reviewed the file herein and heard the arguments of counsel, the court DENIES defendant's motion.

**BACKGROUND**

On August 27, 2004, defendant Urie was convicted by a jury of one count of Conspiracy to Commit Mail Fraud in violation of

1

1  18 U.S.C. § 371 and seven counts of Wire Fraud in violation of 18
2  U.S.C. § 1343.  Defendant was acquitted of one count of Wire
3  Fraud.  Subsequently, on August 31, 2004, the jury entered a
4  special verdict, finding beyond a reasonable doubt that the loss
5  resulting from defendant's conduct was more than $1,000,000 but
6  not more than $2,500,000.

7  Defendant appealed the conviction.  On June 22, 2006, the
8  Ninth Circuit reversed the conviction and remanded the case for
9  new trial based upon prosecutorial misconduct arising from
10  improper vouching for the credibility of government witnesses.

**ANALYSIS**

12  The sole issue raised by defendant's motion is whether the
13  jury's special verdict regarding the amount of loss precludes the
14  government from presenting evidence and arguing in a retrial that
15  Urie's conduct resulted in loss exceeding $2,500,000.  The court
16  notes that Urie does not argue that his retrial is barred by the
17  Double Jeopardy Clause of the Fifth Amendment.  The court also
18  notes the government does not argue in its opposition that it
19  should be permitted to retry the amount of loss.

20  Collateral estoppel, or issue preclusion, "'means simply
21  that when an issue of ultimate fact has once been determined by a
22  valid and final judgment, that issue cannot again be litigated
23  between the same parties in a future lawsuit.'"  United States v.
24  Seley, 957 F.3d 717, 720-21 (9th Cir. 1992) (quoting Ashe v.
25  Swenson, 397 U.S. 436, 443 (1970)).  In criminal cases, the
26  examination of whether collateral estoppel applies should be made
27  "with realism and rationality" and "must be set in a practical
28  frame and viewed with an eye to all the circumstances of the

2

1  proceedings." Ashe, 397 U.S. at 444. Specifically, in Ashe,
2  several bandits robbed six men playing poker, and Ashe was tried
3  and acquitted for robbing one of the six men. The State then
4  obtained a conviction against Ashe for the robber of one of the
5  other victims. Id. at 437-40. The Court reversed, holding that
6  the collateral estoppel element of the Double Jeopardy Clause
7  precluded relitigation of the issue of the robber's identity
8  because the only contested issue in the first trial was identity.
9  Id. at 442-43, 445. Therefore, collateral estoppel barred
10 litigation for the robbery of any of the other poker players
11 because identity would necessarily be an ultimate issue in each
12 trial. Id. at 445.

13     The Ninth Circuit employs a three-step approach in
14 determining whether collateral estoppel applies:

> (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain *whether issue was necessarily decided in the first case*.

United States v. Romeo, 114 F.3d 141, 143 (9th Cir. 1997)
(quotations omitted) (emphasis in original). In this case, only
the third step of this analysis is contested. (Gov't Opp'n,
filed Oct. 5, 2009, at 4.)

     "If an act that could have been proved to a lesser degree
than that required for conviction is for some reason probative in
a subsequent trial, it need not be excluded because of the prior
acquittal." Seley, 957 F.2d at 723; see United States v. Watts,
519 U.S. 148, 158 (1997) (holding that an acquittal in a criminal

3

case does not preclude the government from relitigating an issue for purposes of sentencing because it is governed by a lower standard of proof); Dowling v. United States, 493 U.S. 342, 348-50 (1990) ("[T]he collateral estoppel component of the Double Jeopardy Clause [does not] exclude in all circumstances . . . relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted.'"). In Dowling, the defendant was tried and acquitted of a burglary during which he allegedly wore a white ski mask and carried a small pistol.  At a subsequent trial for a bank robbery, during which the defendant was again accused of wearing a white ski mask and carrying a small pistol, the government introduced evidence of the prior burglary to demonstrate a pattern.  Id. at 344-45. The Supreme Court held that the evidence was not barred by collateral estoppel in light of the differing burdens of proof involved; while the jury at the first trial had to find guilt beyond a reasonable doubt, the evidence at the second trial was admissible so long as the jury could reasonably conclude that the act occurred and defendant was the actor.  Id. at 348-49.  The Supreme Court also noted that, unlike in Ashe, the prior acquittal did not determine an ultimate issue in the second case. Id. at 348.

 The Ninth Circuit has applied these principles in concluding that jury findings regarding facts for sentencing enhancements do not preclude the prosecution from arguing those same facts on retrial if the fact is not necessary to conviction.  Santamaria v. Horsley, 133 F.3d 1242, 1247 (9th Cir. 1998) (en banc).  In

1  Santamaria, a jury found the defendant guilty of murder and
2  robbery, but found "not true" a sentence enhancement charge that
3  he personally used a knife in the commission of a felony.  133
4  F.3d at 1244.  The appellate court reversed the murder conviction
5  based upon prejudicial error in jury deliberations.  On retrial,
6  defendant sought to preclude the State from retrying him on the
7  theory that he personally used a knife to kill the victim.  Id.
8  at 1247.  The Ninth Circuit considered whether the use of a knife
9  is an ultimate fact for the purposes of a murder conviction under
10 California law.  The Santamaria court concluded that because the
11 state was not required to prove beyond a reasonable doubt that
12 the defendant used a knife on retrial in order to convict him of
13 murder under California law, the State could not be precluded
14 from presenting evidence that the defendant stabbed the victim.
15 Id.

16     In this case, the court concludes that the government is not
17 barred from presenting evidence regarding loss exceeding
18 $2,500,000 because the amount of loss is not an ultimate fact to
19 be decided in a jury trial for Conspiracy to Commit Mail Fraud or
20 Wire Fraud.  Neither 18 U.S.C. § 371 nor 18 U.S.C. § 1343 require
21 proof beyond a reasonable doubt that the alleged fraud amount in
22 loss of any amount.  While the government failed to prove beyond
23 a reasonable doubt that the loss amounted to more than $2,500,000
24 for purposes of sentencing, that loss is not an ultimate fact as
25 to liability.  Accordingly, under the reasoning of the Ninth
26 Circuit en banc panel in Santamaria, the government cannot be
27 precluded from presenting evidence of loss in any amount.
28 /////

1        The cases relied upon by defendant are factually
2   distinguishable from the facts before the court in this case.  In
3   each of the cases cited by defendant, the government was
4   precluded from arguing facts that had been found beyond a
5   reasonable doubt in a prior trial and necessarily had to be found
6   beyond a reasonable doubt in the subsequent trial in order to
7   obtain a conviction.  See Castillo-Basa, 483 F.3d 890 (9th Cir.
8   2007) (holding that trial for perjury following acquittal for
9   illegal reentry was barred by collateral estoppel because, under
10  the specific facts of the case, the jury necessarily decided in
11  the first trial that the defendant's testimony was not false);
12  United States v. McLaurin, 57 F.3d 823 (9th Cir. 1995) (holding
13  that the government could not retry the defendant on an alternate
14  theory of the crime because it would constitute a second
15  prosecution relying on the same facts under the same burden of
16  proof); Seley, 957 F.2d at 723 (holding that the defendant's
17  activities in Mexico for which he was acquitted could not be
18  admitted in the subsequent trial for conspiracy because the same
19  standard of proof applied to the conduct at issue); see also
20  Santamaria, 133 F.3d at 1248 ("[P]reclusive effect can be given
21  to special verdicts on ultimate facts in subsequent relitigation
22  where the burden of proof remains the same.").  Because, in this
23  case, the jury need not find the amount of loss beyond a
24  reasonable doubt, the doctrine of collateral estoppel does not
25  bar presentation of evidence or argument on that issue.
26  /////
27  /////
28  /////

**CONCLUSION**

For the foregoing reasons, defendant's motion to preclude is DENIED.

IT IS SO ORDERED.

DATED: December 8, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

7